# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR105** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **ARTHUR W. JONES,** | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 358).[1] The government adopts the PSR (Filing No. 315). The Court has also reviewed the Defendant's motion for downward departure, amended motion for downward departure, and supporting brief (Filing Nos. 354, 355, 356). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the paragraphs of the PSR discussed below.

## ¶ 33 - Typographical Error

A typographical error states "Mr. Hicks," when the reference should read "Mr. Jones." The objection is granted;

## ¶ 34 - Absence of a Role Reduction

Paragraph 6(b) of the plea agreement reads: "The parties agree that the Defendant is not subject to either upward or downward adjustment in offense level for role in the offense." Therefore, the objection is denied.

---

[1] Earlier, the Defendant adopted the PSR. (Filing No. 313.)

### ¶¶ 46 and 47 - Criminal History Points; Infractions

The Defendant objects to one criminal history point being assessed for each of these offenses, arguing that the offenses are both infractions under Nebraska law and fall under U.S.S.G. § 4A1.2(c)(2).

The guidelines impose 1 criminal history point for any "prior sentence." U.S.S.G. § 4A1.1(c). A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). In determining whether a prior offense falls under § 4A1.2(c)(2), the guidelines provide the following:

> the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2 application note 12(A).

U.S.S.G. § 4A1.2(c)(2) lists the following offenses as examples of offenses that are never counted for criminal history purposes: fish and game violations; hitchhiking; juvenile status offenses and truancy; local ordinance violations (except those that are also state law violations); loitering; minor traffic infractions; public intoxication; and vagrancy. No argument has been made other than the prior offenses in ¶¶ 46 and 47 are for infractions under state law. This argument has been rejected by the Eighth Circuit. *United States v. Jenkins,* 989 F.2d 979, 979 (8th Cir. 1993) (addressing the same argument made with respect to Nebraska convictions for possession of less than an ounce of marijuana). Applying the factors listed in application note 12 do not lead to a different result. The objections are denied.

2

IT IS ORDERED:

1. The Defendant's Objection to ¶ 33 in the Presentence Investigation Report (Filing No. 358) is granted, and otherwise the Defendant's objections (Filing No. 358) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing;

6. The Defendant's motion for downward departure (Filing No. 354) is denied as moot); and

7. The Defendant's amended motion for downward departure (Filing No. 356) will be heard at sentencing.

DATED this 26th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge